UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:95-CR-28-BR
No. 5:11-CV-638-BR

GBOFAHAM FRANCIS TAYO,       )
        Petitioner,        )
                            )
    v.                          )        O R D E R
                            )
UNITED STATES OF AMERICA,    )
        Respondent.        )

This matter is before the court for initial review of a 28 U.S.C. § 2255 petition pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings. Under this Rule, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ." R. Gov. § 2255 Pro. 4(b).

In May 1995, pursuant to a plea agreement, petitioner, a citizen of Nigeria, pled guilty to the receipt, use, or transportation of money, goods, or services obtained by a fraudulently obtained credit card in violation of 15 U.S.C. § 1644(d). In July 1995, the court sentenced petitioner to 24 months imprisonment and a term of supervised release of 36 months, with a condition being that petitioner be deported pursuant to 18 U.S.C. § 3583(d). Petitioner appealed. In February 1996, over petitioner's objection, the Fourth Circuit Court of Appeals dismissed the appeal. United States v. Tayo, No. 95-5588 (4th Cir.). Petitioner's term of supervised release expired on 9 December 1999. (See DE # 29, at 2.)

In January 2011, in the Southern District of New York, petitioner pled guilty to illegal reentry in the United States after having been deported on 31 May 2001 and subsequent to his felony conviction in this court, all in violation of 8 U.S.C. § 1326(a), (b)(1). United States v. Tayo, No.

1:10-CR- 1080-TPG (S.D.N.Y.).  In March 2011, that court sentenced him to time served and a one-year term of supervised release.  It appears petitioner is now being detained in New Jersey pending deportation for a second time.

By way of the instant motion, petitioner contends that his conviction in this court should be vacated because his counsel was ineffective in violation of the Sixth Amendment.  Specifically, he claims that counsel should have advised him about the immigration consequences associated with his plea of guilty to an offense constituting an "aggravated felony."[1]  (DE # 33, at 4.)  Petitioner also claims that if he had know about the immigration consequences, he would have proceeded to trial.[2]  (DE # 33-1, at 9.)

Because petitioner has finished serving the sentence for the conviction he challenges, an application of a writ of error coram nobis, rather than a § 2255 petition, is the appropriate method to attack that conviction, see United States v. Mandel, 862 F.2d 1067, 1074-75 (4th Cir. 1988) (recognizing that the court has the power to grant a writ of error coram nobis to vacate a conviction after the sentence has been served), and the court will construe his petition as such.  "To be entitled to coram nobis relief, the petitioner must demonstrate that: '(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the

---

[1]For purposes of immigration law, an "aggravated felony" includes "an offense that involves fraud or deceit in which the loss to the victim or victims exceeds $10,000."  8 U.S.C. § 1101(a)(43)(M)(i).  An alien convicted of an aggravated felony shall be deported.  8 U.S.C. § 1227(a)(2)(A)(iii).  For purposes of the instant motion, the court assumes, without deciding, that petitioner's conviction here under 15 U.S.C. § 1644(d) constituted an aggravated felony at the time of his guilty plea.

[2]In his memorandum filed in support of the petition, petitioner makes related arguments regarding counsel's purported failure to adequately defend petitioner and to discover facts in mitigation of petitioner's plea and sentence. (DE # 33-1, at 11-13.)  To the extent these arguments could be considered additional bases for the ineffective assistance claim, petitioner has provided no factual support for these arguments, and they are without merit.

2

error is of the most fundamental character.'" United States v. Bazuaye, 399 Fed. Appx. 822, 824 (4th Cir. 2010) (unpublished) (quoting Hirabayashi v. United States, 828 F.2d 591, 604 (9th Cir. 1987)), cert. denied, 131 S. Ct. 2164 (2011). Setting aside a number of issues, including that petitioner waived any post-conviction challenge in his plea agreement, (see DE # 9, ¶ 2c; 1/25/96 Tr. at 15, 16); that petitioner knew he was subject to deportation at the time he was sentenced 15 years ago, (see 7/3/96 Tr. at 7); and that he was in fact deported 10 years ago, an error warranting relief has not occurred.

To establish counsel was ineffective, petitioner must show "first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the defense." Burch v. Corcoran, 273 F.3d 577, 588 (4th Cir. 2001) (citation omitted), cert. denied, 122 S. Ct. 2311 (2002). At the time petitioner pled guilty in this court, counsel had no duty to inform petitioner that he would be deported because of his guilty plea. See United States v. Yearwood, 863 F.2d 6, 7 (4th Cir. 1988) (joining other circuits to hold that "an attorney's failure to advise a client that deportation may result from a conviction does not constitute ineffective assistance of counsel" (citations omitted)). Counsel's performance is not deficient for following circuit law at the time or failing to anticipate a change in that law. See United States v. McNamara, 74 F.3d 514, 516-17 (4th Cir. 1996) (holding trial counsel was not constitutionally deficient for following controlling circuit law at the time).

Furthermore, even though the law has changed such that where deportation is a clear consequence of a conviction, counsel is now required to inform a criminal defendant of that fact, Padilla v. Kentucky, 130 S. Ct. 1473, 1483 (2010), that change in the law does not apply retroactively to cases on collateral review like petitioner's, United States v. Chang Hong, No. 10-6294, ___ F.3d ___, 2011 WL 3805763, at *1 (10th Cir. Aug. 30, 2011); Chaidez v. United States,

3

655 F.3d 684, 694 (7th Cir. 2011); see also United States v. Hernandez-Monreal, 404 Fed. Appx. 714, 715 n.* (4th Cir. 2010) (unpublished) ("nothing in the *Padilla* decision indicates that it is retroactively applicable to cases on collateral review") (dicta); contra United States v. Orocio, 645 F.3d 630, 634 (3d Cir. 2011).  Therefore, this change in the law does not benefit petitioner.

Petitioner is not entitled to relief, and the petition is DISMISSED.

This 3 January 2012.

_____

W. Earl Britt

Senior U.S. District Judge

4